IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAMLAB, L.L.C., and METABOLITE LABORATORIES, INC., <br><br>     Plaintiffs, <br><br> v. <br><br> BROOKSTONE PHARMACEUTICALS, LLC a/k/a ACELLA PHARMACEUTICALS, LLC <br><br>     Defendant. | CIVIL ACTION NO. 2:09-cv-07434 <br><br> SECTION S <br><br> MAGISTRATE DIVISION 3 |

**PLAINTIFFS PAMLAB, L.L.C. AND METABOLITE LABORATORIES, INC.'S RESPONSE TO DEFENDANT BROOKSTONE PHARMACEUTICALS, LLC'S MEMORANDUM REGARDING RELATED LITIGATION**

Plaintiffs Pamlab, L.L.C. and Metabolite Laboratories, Inc. (collectively, "Plaintiffs" or "Pamlab") respectfully submits this memorandum in response to Brookstone's Memorandum Regarding Related Litigation ("Memorandum") [Doc. 16].

As the Court is aware, in addition to the above-captioned matter, there are currently two other cases pending against Brookstone in federal district courts, both alleging false advertising based on Brookstone's descriptions of its products as using L-methylfolate when they do not.

In *Merck Eprova AG v. Brookstone Pharmaceuticals, L.L.C.,* Case No 1:09-cv-09684 (S.D.N.Y.), the plaintiff is the manufacturer and supplier of Metafolin®, the patented L-methylfolate ingredient used in Pamlab's METANX®, and also in Sciele Pharma, Inc.'s PRENATE Elite® and PRENATE DHA® ("PRENATE") prenatal vitamin products. In *Sciele*

*Pharma, Inc. v. Brookstone Pharmaceuticals, L.L.C.*, Case No. 1:09-cv-03283 (N.D. Ga.), the plaintiff is the marketer/distributor of PRENATE. Sciele seeks recovery of damages it has incurred because Brookstone's false advertising of its PNV vitamins as having L-methylfolate, and therefore as pharmaceutical equivalents to PRENATE, has induced to substitute Brookstone's PNV products as generics for PRENATE prescriptions.

## I. Prior Proceedings in the *Merck* and *Sciele* Cases

The *Merck* court held a hearing on Merck's request for entry of a temporary restraining order and preliminary injunction on December 3, 2009. The parties did not offer testimony during the hearing. In denying Merck's request, Judge Sullivan concluded that because Merck does not make a product that directly competes with Brookstone's products (i.e., it manufactures an ingredient used in Pamlab and Sciele's products), it was not entitled to the benefit of a presumption of irreparable harm that normally accompanies a showing of literally false comparative advertising in the Second Circuit. *See* Dec. 15, 2009 Order at * 8, attached as Exhibit 7 to Def.'s Memorandum. As a direct competitor to Brookstone, Pamlab does *not* occupy the same position as Merck.[1] Judge Sullivan found that Merck did not otherwise carry its burden of making a clear showing of irreparable harm to justify injunctive relief. *Id*. at * 10-11.

In *Sciele*, the court held a hearing on Sciele's motion for preliminary injunction on December 15, 2009. At the conclusion of the hearing, Judge Carnes noted that Sciele had made a strong showing that it would likely succeed on the merits of its case:

> I think the plaintiffs have a very good shot at winning this case because something smells rotten about what the defendants are doing. And you don't have to understand chemistry or any FDA regs to know that. When I just – I kept asking Ms. Creswell, "Why don't you just put the accurate label on them, just put the accurate label on. And

---

[1] In fact, Judge Sullivan acknowledged that Sciele and Pamlab might be entitled to this presumption. *Id*.

they won't, and they won't because they don't have to. Well, why not do it anyway? Well, they won't because they want to glom onto, parasite onto, piggyback onto the work of the plaintiffs. They know what will happen, and so all this work that the plaintiffs have done, they'll get the benefit of it. In my book that's stealing, and that's what they're trying do. So I think the Plaintiffs have a good shot with winning.

PI Hr'g Tr. at 203 (submitted to Judge Lemmon *in camera*, Jan. 5, 2010). Although Judge Carnes concluded that she probably could not write an order that would be upheld in the Eleventh Circuit on irreparable harm ("It's not quite there"), she did the next best thing in ordering that the case be placed on a fast track for trial to begin in late February 2010. *Id*. at 204.

She also warned Brookstone that

I think a jury is going to think, as I've thought, this doesn't smell right. And I think a jury is going to start being concerned, my gosh, I've been getting generics, what the heck are people putting in them. I don't think the defendant has much to work with here in terms of jury appeal.

*Id*. at 220-221.

## II. As the Sciele Court Found, Pamlab is Likely to Succeed on the Merits of its Claim

Although this case involves a different plaintiff (Pamlab) and different products (Pamlab's METANX and Brookstone's Folast) than the *Sciele* case, the facts supporting Pamlab's false advertising claim are substantially the same as those supporting Sciele's claim, *i.e.*, Brookstone has labeled Folast as using L-methylfolate so that it would be linked to METANX as a generic substitute in the drug databases, when in truth, it does not use this ingredient. In fact, Brookstone has been even more brazen in asserting that Folast contains the identical active ingredient as METANX®. In its labels and other promotional materials, Pamlab not only identifies METAFOLIN® as "L-methylfolate" but also includes the alternative chemical name "[6(s)-5-MTHF]" Pamlab also describes L-methylfolate as "the primary biologically active isomer of folate and the primary form of folate in circulation". Brookstone mimics both of these claims exactly and falsely promotes Folast as containing "[6(s)-5-MTHF]"

and "the primary biologically active isomer of folate and the primary form of folate in circulation."

In its memorandum, Brookstone misrepresents and misstates Pamlab's claims in order to argue that those claims are somehow precluded. Contrary to Brookstone's memorandum, Pamlab does *not* claim that Brookstone's labeling falsely represents Folast "as an *FDA–approved* generic or equivalent of Metanx." *See* Memorandum at 3. Pamlab claims that defendant's labeling and other promotional materials falsely state that Folast uses L-methylfolate, and that defendant "falsely promotes its product as a generic equivalent to and substitute for METANX." *See Complaint* at ¶¶ 6, 28, 29, 31, 32, 36, 47, 51, 58. The case law is clear that this Court has jurisdiction over Pamlab's claims that Brookstone falsely advertises and promotes Folast as a generic equivalent to and substitute for METANX. *See e.g., Mylan v. Maktari* 7 F.3d 1130, 11-37-38 (4th Cir. 1993) (distinguishing actionable "false equivalence" claims from precluded "false approval claims").

Defendant cites the decision of the district court in *Midlothian v. Pamlab,* 509 F. Supp.2d 1065 (M.D. Ala. 2007) and suggests that Pamlab has successfully argued that the court has no jurisdiction over claims like the one here. Memorandum at 6. However, in that case Midlothian had "framed [its claim] with reference to the FDA" and argued that the FDA required Pamlab to change the name of its product. *Midlothian*, 509 F. Supp. 2d at 1078. The court correctly refused to decide preemptively what the FDA would require. *Id*. Brookstone completely fails to mention that the same Alabama court, in the very same opinion, held that Pamlab's claims that Midlothian falsely described its prescription vitamin as "bioequivalent" and "generic equivalent" "is not preempted by the FDA because this assertion can be proven literally false." *Id*. at 1087.

In short, there is no real question that Pamlab, like Sciele, has a strong likelihood of success at a trial on the merits.

## III. Under Fifth Circuit Law, Pamlab Can Show It Will Experience Irreparable Harm in the Absence of an Injunction

Consequently, the key difference between this case and the *Merck* and *Sciele* cases, and the real issue for this Court is whether Pamlab (unlike Sciele and Merck) can show that Brookstone's literally false claims have caused, and if not enjoined, will continue to cause Pamlab irreparable harm that cannot be adequately remedied after a full trial on the merits. Under the standards applicable in the Fifth Circuit, the Court should find that the answer here is YES because Pamlab will show:

- Folast is an inferior therapy to METANX. Pamlab will present evidence from doctors whose patients received Folast as a substitute for the METANX, and who subsequently experienced adverse side effects that resolved once the patients resumed using METANX. Patients who receive Folast without having had the benefit of METANX therapy first will associate Folast's inefficacy with METANX. Because the Brookstone products had only been on the market for a very short time when the Merck and Sciele hearings occurred, no adverse event reports had yet been received.[2]

- There is a strong probability that Brookstone will be insolvent by the time this case is resolved at trial. Even without accounting for the six lawsuits pending in federal court against Brookstone alleging various business torts,[3] Dun & Bradstreet rated Brookstone as having a "high likelihood" of experiencing financial distress in the next 12 months. Consequently, there is a strong probability that Brookstone will never have the ability to pay Pamlab its full money damages if its conduct continues unabated until after a full trial on the merits. As the Fifth Circuit has acknowledged, "[t]he absence of an available remedy by which the movant can later recover money damages, however, may also be sufficient to show irreparable injury."; *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 473 (5th Cir. 1985); *see*

---

[2] Notably, pregnant women who received Brookstone's PNV products as a substitute for Sciele's PRENATE may not associate adverse side effects with their prenatal vitamin instead of their pregnancy. Tragically, more serious adverse events associated with PNV may not be apparent for nine months.

[3] In addition to the *Merck, Sciele and Pamlab suits*, Brookstone is a defendant in the following actions: *Pernix Therapeutics v. Brookstone Pharmaceuticals, L.L.C.*, Case No. 4:09-cv-03670 (S.D. Tex.); *Steifel Laboratories, Inc. v. Brookstone Pharmaceuticals, L.L.C.*, Case No. 1:08-cv-03773 (N.D. Ga.); *River's Edge Pharmaceuticals, L.L.C. v. Brookstone Pharmaceuticals, L.L.C.*, Case No. 1:09-cv-02326 (N.D. Ga.).

*also Chemlawn Services Corp. v. GNC Pumps, Inc.,* 690 F. Supp. 1560, 1569 (S.D. Tex.), *aff'd,* 856 F.2d 202 (5th Cir. 1988) ("A theoretical right to recover money damages will not constitute an adequate legal remedy where difficulties in the collection of any judgment render that remedy illusory.") At the time the Merck and Sciele's motions were heard, Brookstone's financial status had not been fully explored nor briefed.

This situation constitutes irreparable harm under the standards applicable in this Circuit and warrants the issuance of an injunction to halt Brookstone's false advertising.

Respectfully submitted,

By: /s/ Saul Perloff
Saul H. Perloff (TX #00795128) (*pro hac*)
Katharyn A. Grant (TX #24050683) (*pro hac*)
**FULBRIGHT & JAWORSKI L.L.P.**
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Telephone: (210) 224-5575
Telecopier: (210) 270-7205

Robert S. Rooth, T.A. (#11454)
Corinne A. Morrison (#9737)
Stephanie W. Cosse (#31677)
**CHAFFE, McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Telecopier: (504) 544-6088

**ATTORNEYS FOR PLAINTIFFS, PAMLAB, L.L.C. AND METABOLITE LABORATORIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that concurrently with the filing of the foregoing document on this 11th day of January, 2010, I have caused to be served a copy of the foregoing document and the Declarations referred to therein via electronic mail on Christopher E. Parker, Esq., an attorney with the law firm of Miller & Martin, PLLC who has indicated to Plaintiff's counsel that he will be representing the interests of the Defendant in this proceeding and who is representing the interests of the Defendant in the suits filed against the Defendant by Merck Eprova AG and Sciele Pharma, Inc.

　　　　　　　　　　　　　　　　　　　　　　/s/ Saul Perloff
　　　　　　　　　　　　　　　　　　　　Saul H. Perloff  (*Pro Hac*)
　　　　　　　　　　　　　　　　　　　　(TX #00795128)