MINUTE ENTRY
KNOWLES, M.J.
FEBRUARY 19, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAMLAB, L.L.C. AND METABOLITE LABORATORIES, INC. | CIVIL ACTION |
| VERSUS | NO. 09-7434 |
| BROOKSTONE PHARMACEUTICALS, L.L.C. A/K/A ARCELLA PHARMACEUTICALS, L.L.C. | SECTION "S" (3) |

On this date, the undersigned Magistrate Judge conducted a telephone hearing regarding Plaintiffs Pamlab, L.L.C. and Metabolite Laboratories, Inc.'s Motion and Incorporated Memorandum to Compel Rule 30(b)(6) Deposition of Defendant Brookstone Pharmaceuticals, L.L.C. [Doc. #34]. Present were Katharyn Grant and Robert Rooth on behalf of plaintiffs and Christopher Parker, Juan Lizarraga, James Irvin and Zachary Greene on behalf of defendant. After considering the motions, the memoranda, the case law, the parties' oral argument and the District Court's orders, the Court rules as follows.

**IT IS ORDERED** that Plaintiffs Pamlab, L.L.C. and Metabolite Laboratories, Inc.'s Motion and Incorporated Memorandum to Compel Rule 30(b)(6) Deposition of Defendant Brookstone Pharmaceuticals, L.L.C. [Doc. #34] is GRANTED IN PART. Defendant Brookstone Pharmaceuticals, L.L.C. shall produce a corporate representative for a Rule 30(b)(6) deposition **no later than Friday, February 26, 2010**.

MJSTAR(00:27)

The Court finds that deposition topics Nos. 1 and 6 through 28 are relevant to the hearing on the preliminary injunction, and, specifically, may lead to discovery that bears on plaintiff's likelihood of success on the merits, an element that they must meet to obtain a preliminary injunction. In rendering this ruling, the Court is particularly mindful of the e-mail that District Judge Zainey sent to the parties (Ex. 5, attached to the Declaration of Katharyn Grant [Doc. #34-1]) and his Order dated January 26, 2010 [Doc. #26], which contemplated limited discovery by the parties before the preliminary injunction hearing. Moreover, the Court is also mindful of the Joint Case Management Order that District Judge Lemmon signed, in which plaintiffs specifically mentioned that they anticipated the deposition of defendant's Rule 30(b)(6) corporate representative before the preliminary injunction hearing. [Doc. #24]. The District Judges obviously contemplated limited discovery on the part of both sides, and despite defendant's protestations to the contrary, discovery is a two-way street, and not only defendant is entitled to it.

**IT IS FURTHER ORDERED** that deposition topics Nos. 2, 3, 4 and 5 are hereby stricken. Plaintiffs shall not depose defendant's Rule 30(b)(6) corporate representative on any topic that may lead to a discussion of defendant's financial solvency or financial make-up.

In *F.T.C. v. Turner*, the Fifth Circuit held:

> Information about the financial status of a putative defendant would be interesting to any person or agency considering a civil suit for damages. Under most circumstances, however, a private plaintiff may not discover an opponent's assets until after a judgment against the opponent has been rendered. *Sanderson v. Winner*, 507 F.2d 477, 479-80 (10th Cir. 1974), Cert. denied, 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975); *Cf.* Fed. R. Civ. P. 69(a) (discovery in aid of judgment). [Defendant's] financial status, like the financial status of most putative defendants, is not relevant to any issue that will be raised in the contemplated lawsuit.

609 F.2d 743, 745 (5th Cir. 1980) (footnote omitted); *see also Sanderson v. Winner*, 507 F.2d 477, 479-80 (10th Cir. 1974) ("Defendants considered it important to ascertain whether plaintiffs were able to pay all of the costs in the litigation including extensive depositions. We fail to see relevancy in these inquiries particularly with respect to in limine inquiry as to whether a class action is to be allowed. Ordinarily courts do not inquire into the financial responsibility of litigants. We generally eschew the question whether litigants are rich or poor. Instead, we address ourselves to the merits of the litigation.").

Plaintiffs argue that testimony as to the financial solvency of defendant is appropriate because courts have held that the inability to collect a money judgment may bear on whether the party seeking the preliminary injunction will suffer irreparable harm. The cases on which plaintiffs rely, however, are inapposite. In *Enterprise International, Inc. v. Coporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 473 (5th Cir. 1985), the court noted that an inability to recover monetary damages may constitute irreparable harm. However, there, the court noted that such situations arise only in extraordinary circumstances, such as when legal remedies available in foreign courts after a country's revolution are inadequate. Plaintiffs cite a similar quote from *Chemlawn Services Corp. v. GNC Pumps, Inc.*, 690 F. Supp. 1560, 1569 (S.D. Tex. 1988). But *Chemlawn* does not contain the quote on which plaintiffs rely. In *Hughes Network Systems v. Interdigital*, 17 F.3d 691 (4th Cir. 1994), the Fourth Circuit, while remanding to the district court, noted that injunctive relief may be justified if the harm is the immediate dissipation of defendant's assets. Here, plaintiffs only claim that defendant may not be in business after judgment is rendered, not that defendant hides its assets. Lastly, in *Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, the court

granted an injunction not only because of the threat that a potential sale posed to plaintiff's business but also the overall threat to the viability of the entire project under the federal Rural Electrification Administration -- not the circumstances here.

Accordingly, if and/or when plaintiff obtains a judgment against defendant, plaintiffs will have the opportunity to propound discovery under Federal Rule of Civil Procedure 69 as to defendant's financial solvency. Plaintiffs' and defendant's argument as to the irreparable-harm requirement for a preliminary injunction are irrelevant for purposes of this dispute. Such arguments ask the Court to determine the merits of the appropriateness of a preliminary injunction and the requirement of irreparable harm – that is a determination for the district court at the preliminary injunction hearing.

Accordingly, and as noted above, the Court strikes deposition topics Nos. 2, 3, 4 and 5.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**