**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| PAMLAB, LLC and METABOLITE LABORATORIES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 2:09-cv-07434 |
| v. | ) | |
| | ) | SECTION S(3) |
| BROOKSTONE PHARMACEUTICALS, LLC a/k/a ACELLA PHARMACEUTICALS, LLC, | ) | JUDGE LEMMON |
| | ) | |
| | ) | MAG. KNOWLES |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

Comes now Defendant Brookstone Pharmaceuticals, LLC a/k/a Acella Pharmaceuticals, LLC ("Brookstone"), by and through counsel, and submits this answer to the Complaint filed in this action by Plaintiffs Pamlab, LLC and Metabolite Laboratories, Inc. ("Plaintiffs") and asserts a counterclaim against Plaintiffs.

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the doctrines of preclusion and preemption.

**THIRD DEFENSE**

Plaintiffs' claims are barred, because Brookstone's advertising is not false or misleading, has not actually deceived and does not have the capacity to deceive customers, does not constitute deception that has a material effect on purchasing decisions, and has not injured and is not likely to injure Plaintiffs.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, because they are not premised on advertising, as recognized by the Lanham Act.

**FIFTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands and other principles of equity.

**SIXTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred or limited, because any damages sustained by Plaintiffs were not the proximate result of any actionable conduct on the part of Brookstone, nor were any such damages caused in fact by any actionable conduct on the part of Brookstone.

**NINTH DEFENSE**

Plaintiffs are not entitled to injunctive relief, because the damages alleged by Plaintiffs are not irreparable, the harm to Brookstone resulting from injunctive relief would be greater than

any harm sustained by Plaintiffs in the absence of injunctive relief, and the public interest would not be served by injunctive relief in this action.

## TENTH DEFENSE

Plaintiffs' claims are barred because of the lack of subject matter jurisdiction.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs lacks standing.

## TWELFTH DEFENSE

Brookstone reserves the right to amend this answer and to add additional defenses and counterclaims as its investigation and discovery in this action progress.

## THIRTEENTH DEFENSE

With respect to the specific allegations set forth in Plaintiffs' Complaint, Brookstone responds as follows in like-numbered paragraphs:

1.      Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint related to Pamlab's organization or specialization and therefore denies same.  Brookstone admits that Pamlab markets Metanx® ("Metanx") for the dietary management of endothelial dysfunction in patients with diabetic peripheral neuropathy and that Metanx is available by prescription only. Brookstone denies the remaining allegations contained in paragraph 1 of the Complaint.

2.      Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.  Accordingly, Brookstone denies the allegations contained in paragraph 2 of the Complaint.

3.      Brookstone admits that its principal place of business is at 9005 Westside Parkway, Alpharetta, Georgia.  Brookstone admits that it develops and distributes

pharmaceutical products, including one called Folast, a prescription nutritional supplement. Brookstone further admits that it may be served with process at the address specified in paragraph 3 of the Complaint.  Brookstone denies the remaining allegations contained in p- paragraph 3 of the Complaint.

4.      Brookstone admits that it is in the process of changing its name to Acella Pharmaceuticals, LLC.  Brookstone denies the remaining allegations contained in paragraph 4 of the Complaint.

5.      Brookstone admits that Pamlab has asserted that its claims arise under the patent laws and the Lanham Act.  Brookstone denies that the claims arise under either the patent laws or the Lanham Act.  Brookstone further denies that this Court has subject matter jurisdiction over the claims.

6.      Brookstone admits that it transacts business in the State of Louisiana, including the Eastern District of Louisiana.  Brookstone denies the remaining allegations contained in paragraph 6 of the Complaint.

7.      Brookstone admits the allegations contained in paragraph 7 of the Complaint.

8.      Brookstone admits the allegations contained in paragraph 8 of the Complaint.

9.      Brookstone admits the allegations contained in paragraph 9 of the Complaint.

10.      Brookstone admits the allegations contained in paragraph 10 of the Complaint.

11.      Brookstone admits that Exhibit A to the Complaint appears to be a copy of United States Patent No. 6,528,496 entitled "Compositions treating, preventing, or reducing elevated metabolic levels."  Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint.  Accordingly, Brookstone denies the remaining allegations contained in paragraph 11 of the Complaint.

12.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.  Accordingly, Brookstone denies the allegations contained in paragraph 12 of the Complaint.

13.     Brookstone admits that diabetic neuropathy is a complication of diabetes. Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint.  Accordingly, Brookstone denies the remaining allegations contained in paragraph 13 of the Complaint.

14.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.  Accordingly, Brookstone denies the allegations contained in paragraph 14 of the Complaint.

15.     Brookstone admits that L-methylfolate is a bioactive form of folate that is directly usable by the human body without additional metabolism.  Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.  Accordingly, Brookstone denies the remaining allegations contained in paragraph 15 of the Complaint.

16.      Brookstone admits that L-5-MTHF is a source of folate.  Brookstone denies that the L-5-MTHF contained in Metanx® consists of a single diastereoisomer.  Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint.  Accordingly, Brookstone denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint. Accordingly, Brookstone denies the allegations contained in paragraph 17 of the Complaint.

18.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.  Accordingly, Brookstone denies the allegations contained in paragraph 18 of the Complaint.

19.     Brookstone admits that, in some naming conventions, diastereoisomers may be distinguished by identifying one diastereoisomer as the "D" isomer and identifying the other diastereoisomer as the "L" isomer.  Brookstone denies the remaining allegations contained in paragraph 19 of the Complaint.

20.     Brookstone admits that the L isomer in L-methylfolate is biologically active and that the D isomer in L-methylfolate is a biologically inert impurity.  Brookstone denies the remaining allegations contained in paragraph 20 of the Complaint.

21.     Brookstone admits that the L isomer in L-methylfolate is the primary biologically active isomer of folate and the primary form of folate in circulation in the human body. Brookstone also admits that the L isomer in L-methylfolate is the form which is transported across membranes into peripheral tissues, particularly across the blood-brain barrier.  Brookstone denies the remaining allegations contained in paragraph 21 of the Complaint.

22.     Brookstone denies the allegations contained in paragraph 22 of the Complaint.

23.     Brookstone denies the allegations contained in paragraph 23 of the Complaint.

24.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.  Accordingly, Brookstone denies the allegations contained in paragraph 24 of the Complaint.

25.     Brookstone admits that its principal place of business is in the State of Georgia and that it is a pharmaceutical company engaged in the development, distribution, and marketing of a variety of products, some of which are generics.  Brookstone admits that it does not market

its products directly to physicians, but instead markets its products to pharmaceutical wholesalers and distributors, pharmacies, pharmacists, and national pharmaceutical databases.  Brookstone denies the remaining allegations contained in paragraph 25 of the Complaint.

26.     Brookstone admits that the allegations contained in paragraph 26 of the Complaint refer to a document, the contents of which speak for themselves.  Brookstone denies the remaining allegations contained in paragraph 26 of the Complaint.

27.     Brookstone admits that prior to November 12, 2009 it contacted national pharmaceutical databases and supplied them with information detailing and describing its Folast product.  Brookstone denies the remaining allegations contained in paragraph 27 of the Complaint.

28.     Brookstone denies the allegations contained in paragraph 28 of the Complaint.

29.     Brookstone denies the allegations contained in paragraph 29 of the Complaint.

30.     Brookstone denies the allegations contained in paragraph 30 of the Complaint.

31.     Brookstone denies the allegations contained in paragraph 31 of the Complaint.

32.     Brookstone denies the allegations contained in paragraph 32 of the Complaint, including those allegations contained in footnote 1.

33.     Brookstone denies the allegations contained in paragraph 33 of the Complaint.

34.     With regard to the first sentence of paragraph 34 of the Complaint, Brookstone admits that the allegations contained in that sentence refer to documents the contents of which speak for themselves.  With regard to the second sentence of paragraph 34 of the Complaint, Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in that sentence and therefore denies same.  With regard to the third sentence of paragraph 34 of the Complaint, Brookstone denies that it has created false

impressions relating to its products or that it has falsely advertised its products as generics of or substitutable for any other product. Brookstone denies the remaining allegations contained in paragraph 34 of the Complaint.

35.     Brookstone denies the allegations contained in paragraph 35 of the Complaint.

36.     Brookstone denies the allegations contained in paragraph 36 of the Complaint.

37.     Brookstone denies the allegations contained in paragraph 37 of the Complaint.

38.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint. Accordingly, Brookstone denies the allegations contained in paragraph 38 of the Complaint.

39.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint. Accordingly, Brookstone denies the allegations contained in paragraph 39 of the Complaint.

40.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint. Accordingly, Brookstone denies the allegations contained in paragraph 40 of the Complaint.

41.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint. Accordingly, Brookstone denies the allegations contained in paragraph 41 of the Complaint.

42.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint. Accordingly, Brookstone denies the allegations contained in paragraph 42 of the Complaint.

43.     Brookstone admits that pharmacy practice is governed by state and federal law. The remaining allegations contained in paragraph 43 of the Complaint assert legal conclusions to

which Brookstone is not required to respond or otherwise concern matters about which Brookstone lacks knowledge or information sufficient to form a belief as to their truth. Accordingly, Brookstone denies the remaining allegations contained in paragraph 43 of the Complaint.

44.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.  Accordingly, Brookstone denies the allegations contained in paragraph 44 of the Complaint.

45.     Brookstone denies the allegations contained in paragraph 45 of the Complaint.

46.     Brookstone admits that it has not published, performed, or commissioned any studies comparing its products with any other products or analyzing the effects of the D isomer on the human body.  Brookstone denies the remaining allegations contained in paragraph 46 of the Complaint.

47.     Brookstone denies the allegations contained in paragraph 47 of the Complaint.

48.     With regard to the first sentence of paragraph 48 of the Complaint, Brookstone denies that its products are inferior to the products with which its products compete.  Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Complaint.  Accordingly, Brookstone denies the remaining allegations contained in paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint contains no allegations to which Brookstone is required to respond.  Brookstone incorporates by reference its responses to paragraphs 1 through 48 of the Complaint as though fully set forth herein.  To the extent a further response is deemed required, Brookstone denies the allegations contained in paragraph 49 of the Complaint.

50.     Brookstone denies the allegations contained in paragraph 50 of the Complaint.

51.     Brookstone admits that the allegations contained in paragraph 51 of the Complaint refer to a document the content of which speaks for itself.  Brookstone denies the remaining allegations contained in paragraph 51 of the Complaint.

52.     Brookstone denies the allegations contained in paragraph 52 of the Complaint.

53.     Brookstone denies the allegations contained in paragraph 53 of the Complaint.

54.     Brookstone denies the allegations contained in paragraph 54 of the Complaint.

55.     Brookstone denies the allegations contained in paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint contains no allegations to which Brookstone is required to respond.  Brookstone incorporates by reference its responses to paragraphs 1 through 55 of the Complaint as though fully set forth herein.  To the extent a further response is deemed required, Brookstone denies the allegations contained in paragraph 56 of the Complaint.

57.     Brookstone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.  Accordingly, Brookstone denies the allegations contained in paragraph 57 of the Complaint.

58.     Brookstone denies the allegations contained in paragraph 58 of the Complaint.

59.     Brookstone denies the allegations contained in paragraph 59 of the Complaint.

60.     Brookstone denies the allegations contained in paragraph 60 of the Complaint.

61.     Brookstone denies the allegations contained in paragraph 61 of the Complaint.

62.     Brookstone denies the allegations contained in paragraph 62 of the Complaint.

63.     Brookstone denies the allegations contained in paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint contains no allegations to which Brookstone is required to respond.  Brookstone incorporates by reference its responses to paragraphs 1 through

63 of the Complaint as though fully set forth herein.  To the extent a further response is deemed required, Brookstone denies the allegations contained in paragraph 64 of the Complaint.

65. Brookstone admits that the allegations contained in paragraph 65 of the Complaint refer to a document the content of which speaks for itself.  Brookstone denies the remaining allegations contained in paragraph 65 of the Complaint.

66. Brookstone admits that the allegations contained in paragraph 66 of the Complaint refer to a document the content of which speaks for itself.  Brookstone denies the remaining allegations contained in paragraph 66 of the Complaint.

67. Brookstone denies the allegations contained in paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains no allegations to which Brookstone is required to respond.  Brookstone incorporates by reference its responses to paragraphs 1 through 67 of the Complaint as though fully set forth herein.  To the extent a further response is deemed required, Brookstone denies the allegations contained in paragraph 68 of the Complaint.

69. Brookstone denies the allegations contained in paragraph 69 of the Complaint.

70. With regard to the remaining paragraphs of the Complaint under the heading "Prayer for Relief," Brookstone denies that Plaintiff is entitled to the relief it seeks or to any relief whatsoever.

71. Any allegation contained in the Complaint which is not expressly admitted or denied above is hereby denied.

## COUNTERCLAIM

For its Counterclaim against Plaintiffs/Counter-Defendants Pamlab and Metabolite, as well as John Does 1-10, Defendant/Counterclaimant Brookstone states as follows:

### THE PARTIES

1.     Counterclaimant Brookstone is a limited liability corporation organized under the law of the State of Delaware with its principal place of business at 9005 Westside Parkway, Alpharetta, Georgia 30004.

2.     Counter-Defendant Pamlab is a limited liability company organized under the laws of the State of Louisiana with its principal place of business in Covington, St. Tammany Parish, Louisiana.

3.     Counter-Defendant Metabolite is a corporation organized under the laws of Colorado with its principal place of business at 301 Garfield Street, Unit 2-West, Denver, Colorado.

4.     Defendants John Does 1-10 are persons whose identities are not currently known but who, on information and belief, are or were pharmaceutical representatives working for Pamlab in various states, including Louisiana.

### JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction over this Counterclaim because it arises from the same transactions or occurrences that are the subject matter of the claims in Pamlab's and Metabolite's Complaint and the adjudication of this Counterclaim does not require the presence of another party over which the Court cannot acquire jurisdiction.

6.     The Court has personal jurisdiction over Pamlab because Pamlab is headquartered and regularly transacts business in the State of Louisiana.

7.      The Court has personal jurisdiction over Metabolite because Metabolite regularly transacts business in the State of Louisiana.

8.      The Court has personal jurisdiction over John Does 1-10 because upon information and belief, they regularly transact business in the State of Louisiana.

9.      Venue is properly laid in this forum under 28 U.S.C. § 1391(b) because a substantial part of the transactions or occurrences giving rise to this Counterclaim occurred in the Eastern District of Louisiana.

## REQUEST FOR DECLARATORY JUDGMENT

10.      Pamlab and Metabolite allege, in their Complaint filed in this action, that Brookstone falsely labels its Folast product as containing or using genuine or pure L-methylfolate and that Brookstone has engaged in false advertising by inducing or encouraging national pharmaceutical databases to falsely advertise Folast as pharmaceutically equivalent to or substitutable for Pamlab's Metanx®.

11.      Pamlab's and Metabolite's Complaint creates ripe and justiciable issues for the Court to adjudicate.

12.      As set forth in its Answer, Brookstone denies that it has or is engaged in any wrongful conduct.

13.      The plain, ordinary meaning of "genuine" is "real," for example as defined by Merriam-Webster's Collegiate Dictionary:

> 1 a:  actually having the reputed or apparent qualities or character;
> b:  *actually produced by or proceeding from the alleged source* or
> author;  c:  sincerely or honestly felt or experienced;  d:  actual,
> true;  2:  free from hypocrisy or pretense.

Merriam-Webster's Collegiate Dictionary 486 (10th ed. 1999) (emphasis added).

14.     L-methylfolate and its synonym, L-5-MTHF, are terms used to identify a particular chemical compound that can deliver folate to the human body, L-5-methyltetrahydrofolic acid.

15.     The term "L-methylfolate," when used to indicate the presence of genuine or real L-5-methyltetrahydrofolic acid in a composition, does not indicate whether the chemical compound is present with or without the diastereoisomer D-5-methyltetrahydrofolic acid, which can be identified as D-methylfolate or D-5-MTHF.

16.     The term "L-methylfolate," when used to indicate the presence of genuine or real L-5-methyltetrahydrofolic acid in a composition, does not indicate the level of purity of such chemical compound in that composition.

17.     Folast contains genuine, i.e., real, L-methylfolate.

18.     The genuine L-methylfolate in Folast is present as part of a non-racemic mixture that also consists of genuine, i.e., real, D-methylfolate.  On information and belief, the genuine L-methylfolate in Pamlab's Metanx® is also present as a part of a non-racemic mixture that also contains genuine, i.e., real, D-methylfolate.

19.     The mixture of L- and D-methylfolate used in the Folast products is identified as Xolafin™.

20.     The Xolafin™ identified in and complained of in Pamlab and Metabolite's Complaint consists of genuine L-methylfolate (as well as genuine D-methylfolate).

21.     Pamlab and Metabolite do not dispute that Folast containing Xolafin™ contains genuine L-methylfolate.

22.    The labeling and other documents published by Brookstone accurately and truthfully identify genuine L-methylfolate as a component of Folast by its generic, scientifically accurate name.

23.    The labeling and other documents published by Brookstone accurately and truthfully identify the genuine L-methylfolate in Folast as being genuine L-methylfolate.

24.    On information and belief, Pamlab and Metabolite filed their Complaint with knowledge that Brookstone's labeling and other documentation relating to Folast accurately and truthfully identify genuine L-methylfolate as a component of Folast by its generic, scientifically accurate name.

25.    On information and belief, Pamlab and Metabolite filed their Complaint with knowledge that Brookstone's labeling and other documentation relating to Folast accurately and truthfully identify the genuine L-methylfolate in Folast as being genuine L-methylfolate.

26.    Brookstone has never described the genuine L-methylfolate in Xolafin™ as "pure" or "substantially pure" L-methylfolate and has never described Xolafin™ as "pure" (i.e., consisting only of) L-methylfolate.

27.    Brookstone has never used the word "pure" or the phrase "substantially pure" to describe Xolafin™ or the genuine L-methylfolate in Folast.

28.    On information and belief, Pamlab and Metabolite have no evidence of Brookstone describing the genuine L-methylfolate in Xolafin™ or in Folast as "pure" or "substantially pure" L-methylfolate.

29.    On information and belief, Pamlab and Metabolite have no evidence of Brookstone using the word "pure" or the phrase "substantially pure" to describe the genuine L-methylfolate in Xolafin™ or in Folast.

30.     On information and belief, the national pharmaceutical databases have never described the genuine L-methylfolate in Xolafin™ or the genuine L-methylfolate in Pamlab's Metanx® as "pure" or "substantially pure" L-methylfolate, and have never described Xolafin™ or the folate-delivering compound in Pamlab's Metanx® as "pure" (i.e., consisting only of) L-methylfolate.

31.     On information and belief, the national pharmaceutical databases have never used the word "pure" or the phrase "substantially pure" to describe Xolafin™ or the genuine L-methylfolate in either Folast or Pamlab's Metanx®.

32.     Brookstone has no ultimate control over the business or professional practices of the national pharmaceutical databases or of pharmacists.

33.     Brookstone has never encouraged, asked, or otherwise induced the national pharmaceutical databases – or any other person or entity – to label or otherwise describe Folast or Xolafin™ as "pure" or "substantially pure" L-methylfolate.

34.     Brookstone has never encouraged, asked, or otherwise induced the national pharmaceutical databases – or any other person or entity – to improperly use Pamlab's name or marks or any marks associated with Pamlab or its products.

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

35.     Brookstone incorporates by reference paragraphs 1 through 34 of its Counterclaim as though fully set forth herein.

36.     Upon information and belief, at least one John Doe, in his or her position as a pharmaceutical representative promoting Pamlab's Metanx®, has been improperly and intentionally misrepresenting to physicians and their staff that Brookstone's Folast product is not approved by the Federal Drug Administration ("FDA") and, as a result, will no longer be stocked

by pharmacists.  These misrepresentations have been passed on from at least one physician to two patients.  (See Declaration of Peggy Vaughn, attached hereto as Exhibit 1.)

37.     Folast does not require FDA approval.  Indeed, Pamlab's Metanx® does not require FDA approval either.

38.     Folast will continue to be made available by pharmacists and are not subject to removal from the market.

39.     At the time the misrepresentations were made, the John Does were acting as agents for Pamlab.

40.     The misrepresentations induced at least one potential customer not to purchase Folast.  (See Ex. A ¶ 4.)

41.     The misrepresentations were made with malice and ill will in an attempt to harm Brookstone's relations with physicians and their patients.

42.     The misrepresentations have caused harm to Brookstone for which Brookstone is entitled to recover damages.

**UNFAIR TRADE PRACTICES**

43.     Brookstone incorporates by reference paragraphs 1 through 42 of its Counterclaim as though fully set forth herein.

44.     The misrepresentations by the John Does constitute unfair trade practices pursuant to La. R.S. § 51:1401, *et seq.*

45.     The misrepresentations have caused harm to Brookstone for which Brookstone is entitled to recover damages.

46.     Brookstone is entitled to recover its attorneys' fees and costs incurred as a result of Pamlab's and the John Does' unlawful conduct pursuant to La. R.S. § 51:1409.

**DEFAMATION**

47.     Brookstone incorporates by reference paragraphs 1 through 46 of its Counterclaim as though full set forth herein.

48.     The misrepresentations by the John Does were defamatory to Brookstone because they made it appear that Brookstone was somehow violating the law by not gaining FDA approval for Folast.

49.     The defamatory misrepresentations were made to individual physicians and their staff members.

50.     Pamlab and the John Does knew the misrepresentations were false when they were made because Pamlab's Metanx® does not require FDA approval.

51.     The misrepresentations were made with malice in an attempt to injure Brookstone's reputation and good will and to deter physicians from recommending Brookstone's Folast product to their patients.

52.     The misrepresentations have caused harm to Brookstone for which Brookstone is entitled to recover damages.

**WHEREFORE**, Brookstone respectfully requests that this Court:

(a)     Enter judgment in favor of Brookstone and against Plaintiffs and dismiss Plaintiffs' Complaint with prejudice;

(b)     Enter judgment declaring that Brookstone's accurate and truthful identification of the genuine L-methylfolate in Folast and Xolafin™ is not wrongful conduct constituting a basis for a cause of action under federal or state law;

(c)     Enter judgment declaring that Brookstone's accurate and truthful description of Folast and Xolafin™ as containing L-methylfolate, where Folast and Xolafin™ also contain D-

methylfolate, is not wrongful conduct constituting a basis for a cause of action under federal or

state law;

        (d)      Enter judgment declaring that Brookstone's accurate and truthful identification of

L-methylfolate as a component of Folast or Xolafin™ is not wrongful and does not constitute a

basis for a cause of action under federal or state law;

        (e)      Impanel a jury to hear and decide all triable issues in this action;

        (f)      Award damages to Brookstone caused by Pamlab's and the John Does'

interference with Brookstone's business relations;

        (g)      Award damages to Brookstone caused by Pamlab's and the John Does' unfair

trade practices;

        (h)      Award damages to Brookstone caused by Pamlab's and the John Does'

defamatory statements;

        (i)      Tax the costs of this action against Plaintiffs;

        (j)      Award Brookstone its attorneys' fees as the prevailing party on Plaintiffs'

Lanham Act claims and as a result of Pamlab's and the John Does' unfair trade practices; and

        (k)      Grant Brookstone such other and further relief to which it is entitled at law or in

equity.

Respectfully submitted,

**MILLING BENSON WOODWARD L.L.P.**

By:   */s/Juan J. Lizarraga*
      Juan J. Lizarraga (#8641)
      James K. Irvin (#7166)
909 Poydras Street, Suite 2300
New Orleans, Louisiana 70112
Telephone (504) 569-7000
Facsimile (504) 569-7001
jlizarra@millinglaw.com
jirvin@millinglaw.com

      *And*

**MILLER & MARTIN PLLC**

Christopher E. Parker, *pro hac vice*
C. Celeste Creswell, *pro hac vice*
Zachary H. Greene, *pro hac vice*
1170 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone (404) 962-6100
Facsimile (404) 962-6300
cparker @millermartin.com
ccreswell@millermartin.com

***Attorneys for Defendant Brookstone
Pharmaceuticals***

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing **Defendant's Answer and Counterclaim** has been filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail and/or facsimile or hand delivery.  Parties may access this filing through the Court's electronic filing system.

This 9th day of March, 2010.

By:    *s/ Juan J. Lizarraga*

         ***An Attorney for Defendant Brookstone Pharmaceuticals, LLC***