## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMLAB, LLC and METABOLITE LABORATORIES, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | NO. 2:09-cv-07434 |
| STATE OF LOUISIANA, | ) | |
| | ) | SECTION S |
| Intervenor, | ) | |
| | ) | MAGISTRATE DIVISION 3 |
| v. | ) | |
| | ) | |
| BROOKSTONE PHARMACEUTICALS, LLC a/k/a ACELLA PHARMACEUTICALS, LLC, and ARIZONA NUTRITIONAL SUPPLEMENTS, INC., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANTS' MOTION FOR RECONSIDERATION
AND/OR TO REOPEN DISCOVERY WITH
RESPECT TO PLAINTIFF-INTERVENOR STATE OF LOUISIANA AND
SUPPORTING MEMORANDUM**

---

Defendants Acella Pharmaceuticals, LLC and Arizona Nutritional Supplements Inc. ("Acella" or "Defendants") respectfully request, pursuant to Rules 26(c) and 60(b) of the Federal Rules of Civil Procedure, that the Court reconsider or modify its Order granting Plaintiff-Intervenor State of Louisiana's ("the State") motion for protective order (Court File No. 175) and/or reopen discovery with respect to the State.

On October 6, 2010 the State filed a motion for protective order to prevent Defendants from taking the timely-noticed deposition of Malcolm Broussard, a representative of the Louisiana Board of Pharmacy. The State asserted three bases for its motion. First, the State

argued that the deposition would exceed the presumptive ten-deposition limit provided under the Federal Rules.  (Court File No. 175 at ¶ 1.)  Second, the State asserted that the testimony of Mr. Broussard was not relevant.  (Id. at ¶ 3.)  Finally, the State argued that Defendants failed to give adequate notice of their intent to take Mr. Broussard's deposition.  (Id. at ¶ 2.)  The State's motion was promptly noticed for a hearing before the Magistrate Judge, and Defendants filed a brief in opposition.  (Court File No. 230.)  On October 27, 2010, the Court heard oral argument and granted the State's motion.  (Court File No. 247.)

At oral argument, however, the Court noted that, given the complexity of the case and the conduct of the parties with respect to other depositions, the State's arguments concerning the ten-deposition limit were not persuasive.  Yet the Court expressed concern related to the November 1, 2010 deadline for the filing of a consolidated pre-trial order and the pre-trial conference scheduled to occur on November 4, 2010.  The Court stated that it did not wish to "jeopardize the deadlines in the District Court Scheduling Order by allowing a deposition at this late date and is unwilling to do so."  (Court File No. 247 at 2.)

On November 2, 2010, the District Judge entered an order granting Defendants' motion to continue the trial.  (Court File No. 255.)  A telephone conference with the District Judge's case manager is set to occur on December 2, 2010, and no date has been set for a pre-trial conference or trial.  (Id.)  In light of the continuance of trial, Defendants respectfully request that the Court reconsider it previous order, direct Mr. Broussard to produce all documents requested in the subpoena served on October 4, 2010 (Court File No. 230-5 at 12), and allow Mr. Broussard's deposition to go forward.

In an effort to resolve this dispute prior to the filing of this motion, Defendants' counsel attempted, in good faith, to obtain the State's agreement to produce Mr. Broussard for his

deposition.  In a letter dated November 3, 2010, Defendants' counsel specifically requested that Mr. Broussard be produced for his deposition in light of the continuance of trial.  (Ex. 1.)  In response to this request, the State declined to make Mr. Broussard available unless the Court formally reopens discovery.  (Ex. 2.)  Defendants again communicated with the State seeking clarification of their position as to whether Mr. Broussard would be produced in light of the observations made by the Court at oral argument.  (Ex. 3.)  The State responded by affirming their refusal to produce Mr. Broussard in the absence of discovery being reopened.  (Ex. 4.)

For the reasons stated in their response in opposition to the State's motion for protective order (Court File No. 230), which is adopted and incorporated herein, Defendants seek to depose Mr. Broussard.  The State has not produced a single witness in this litigation, and in its untimely discovery responses, refused to identify witnesses to address the pharmacy issues referenced in its own Complaint.  (Id. at 2-3) Defendants promptly sought the identity of knowledgeable witnesses and were eventually advised by the State that Mr. Broussard would be the most appropriate witness to address these issues.  (Id. at 3.)  Defendants acted in a timely manner to obtain dates for Mr. Broussard's deposition within the previous discovery period and, absent the provision of acceptable dates by the State, noticed (and subpoenaed) Mr. Broussard's deposition for the last day of discovery.  (Id. at 3-4.)  Thus, the deposition being sought was noticed to be completed in a timely manner.  Pursuant to Federal Rule of Civil Procedure 26(c)(2), the Court should order the State to produce Mr. Broussard for deposition as soon as possible.

At this juncture, Defendants do not feel it is necessary to formally reopen discovery in order to conduct the requested deposition.  However, to the extent the Court feels that discovery should be reopened in an effort to accommodate this deposition, Defendants request that discovery be reopened for the limited purposes discussed in this motion.  Doing so would not

3

jeopardize any deadlines in the District Court's scheduling order due to the recent continuance of trial. Defendants further request that they be awarded their costs and fees incurred as a result of the State's ongoing obstructive conduct relating to discovery. Further, the Court should, pursuant to 28 U.S.C. § 1927 and/or Federal Rules of Civil Procedure 26 and 37 and the Local Rules, direct the State to pay Defendants all reasonable expenses, including attorneys' fees, incurred in conjunction with this motion.

WHEREFORE, Defendants respectfully request that the Court reconsider or modify its Order of October 27, 2010, and permit the requested discovery concerning Mr. Broussard or, alternatively, that discovery be reopened in an effort to accommodate the requested deposition and production of documents. Defendants further request that they be awarded their fees and costs associated with the filing of this motion as a reasonable and proper sanction to address the State's continued dilatory conduct.

Respectfully submitted,

**MILLER & MARTIN PLLC**


By:   s/ Christopher E. Parker
      Christopher E. Parker, *pro hac vice*
      C. Celeste Creswell, *pro hac vice*
      T. Harold Pinkley*, pro hac vice*
      G. Brian Jackson, *pro hac vice*
      Zachary H. Greene, *pro hac vice*
1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
Telephone (404) 962-6100
Facsimile (404) 962-6300
cparker @millermartin.com
ccreswell@millermartin.com
hpinkley@millermartin.com
bjackson@millermartin.com
zgreene@millermartin.com

**MILLING BENSON WOODWARD L.L.P.**

Juan J. Lizarraga (#8641)
James K. Irvin (#7166)
909 Poydras Street, Suite 2300
New Orleans, Louisiana 70112
Telephone (504) 569-7000
Facsimile (504) 569-7001
jlizarra@millinglaw.com
jirvin@millinglaw.com

*Attorneys for Defendants Acella Pharmaceuticals,*
*LLC and Arizona Nutritional Supplements, Inc.*

**CERTIFICATE OF EFFORT TO CONFER IN GOOD FAITH**

The undersigned certifies that Defendants have, in good faith, attempted to confer with the State in an effort to obtain the requested discovery without court action.


By:          s/ Christopher E. Parker     
*An Attorney for Defendants Acella Pharmaceuticals, LLC, Arizona Nutritional Supplements Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing **Defendants' Motion for Reconsideration and/or to Reopen Discovery with Respect to Plaintiff-Intervenor State of Louisiana and Supporting Memorandum** has been filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail and/or facsimile or hand delivery. Parties may access this filing through the Court's electronic filing system.

This 9th day of November, 2010.


By:  ___s/ Christopher E. Parker_____

*An Attorney for Defendants Acella Pharmaceuticals, LLC and Arizona Nutritional Supplements Inc.*