UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMLAB, L.L.C., and METABOLITE LABORATORIES, INC., | ) ) | CASE NO. 2:09-cv-07434 |
| | ) | |
| Plaintiffs, | ) | SECTION S |
| | ) | |
| and | ) | MAGISTRATE DIVISION 3 |
| | ) | |
| STATE OF LOUISIANA, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BROOKSTONE PHARMACEUTICALS, LLC a/k/a | ) | |
| ACELLA PHARMACEUTICALS, LLC and | ) | |
| ARIZONA NUTRITIONAL SUPPLEMENTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF-INTERVENOR STATE OF LOUISIANA AND PLAINTIFFS PAMLAB, L.L.C. AND METABOLITE LABORATORIES, INC.'S JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND/OR TO REOPEN DISCOVERY WITH RESPECT TO PLAINTIFF-INTERVENOR STATE OF LOUISIANA AND SUPPORTING MEMORANDUM**

Pursuant to FED. R. CIV. P. 26(c)(1), Plaintiff-Intervenor, State of Louisiana ("the Attorney General") offers this response in opposition to Defendant Brookstone Pharmaceuticals, LLC n/k/a Acella Pharmaceuticals, LLC's ("Acella") motion for reconsideration and/or to reopen discovery in this matter.  Plaintiffs Pamlab, L.L.C. and Metabolite Laboratories, Inc. (collectively, "Pamlab") join in this memorandum.

**I.     Acella Has Failed to Support Its Motion With a Showing of Newly Discovered Evidence, Manifest Error of Fact or Law, Manifest Injustice or a Change in The Law.**

Nowhere in Acella's instant motion is there any explanation of *why* it is imperative that this Court reverse its previous, settled Order and allow the deposition of Mr. Broussard.  In fact, Mr. Broussard is not an appropriate witness and Acella seeks an improper deposition.  But even

1

if Mr. Broussard was the right witness for relevant questions, Acella has not taken the steps it must take before securing the deposition of a non-party who is the head of a government agency.

To warrant reconsideration, Acella must demonstrate that:

1.      it has obtained newly discovered or previously unavailable evidence; or

2.      the motion is necessary to correct a manifest error of fact or law; or

3.      the motion is necessary to prevent manifest injustice, or

4.      the motion is justified by an intervening change in the controlling law.

*Gregg v. Weeks Marine, Inc.*, Civ. A. 99-1586, 2000 WL 802865, at * 2 (E.D. La. 2000).[1] Acella makes no effort to satisfy any of these conditions.  There is no new evidence or change in law, this Court's Order contains no errors of law or fact ("manifest" or otherwise), and certainly no injustice has been worked in precluding a wholly inappropriate deposition.

### A.      Acella Never Subpoenaed the Board of Pharmacy.

In its motion, Acella proposes to depose Mr. Broussard as "a representative of Louisiana Board of Pharmacy," *see* Doc. 262 at 1.  But Acella never served a subpoena on or otherwise sought discovery from the Louisiana Board of Pharmacy.  *See, e.g.,* Doc. 230-5.  If the Court were to order the Attorney General to produce Mr. Broussard as a witness, the Attorney General would have no means to comply with such an order.  Acella's motion thus is no more than a demand for an advisory opinion that, if it were to take all needed steps to secure the deposition of Mr. Broussard as a representative of the Louisiana Board of Pharmacy, this Court should allow such a deposition outside the time for discovery and beyond Acella's ten deposition limit.

---

[1]The Federal Rules do not provide for a "motion for reconsideration," *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), and Acella's motion should be treated as one to alter or amend judgment pursuant to Rule 59(e).  *Id.*; *see also David v. Signal Int'l, LLC,* Civ. No. 08-1220, (E.D. La., Nov. 5, 2010).  Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that should be used only sparingly and not to re-litigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion.  *See Karim v. Finch Shipping Co*., 111 F. Supp. 2d 783, 784 (E.D. La. 2000).

Malcolm Broussard is the current Executive Director of the Louisiana Board of Pharmacy ("The Board").  *See* Declaration of Malcolm J. Broussard (Nov. 30, 2010) at ¶ 1 ("Broussard Decl.").  The Board is an independent agency within the State of Louisiana, La. Rev. Stat. § 37.1171, and is charged with regulating the profession and practice of pharmacy in Louisiana in the interests of the health, safety and welfare of its citizens.  Broussard Decl. at ¶ 3; *see also* La. R.S. 37:1161 *et. seq.*  Although the Attorney General would represent the Board if the Board itself were the subject of a lawsuit "arising out of or involving tort or contract," *see* La. Rev. Stat. § 49.257, neither Mr. Broussard nor the Board are parties to this suit.  Neither Mr. Broussard or the Board was listed in any parties' FED. R. CIV. P. 26(a)(1) disclosures as persons "likely to have discoverable information."  *See* Ex. 1 to the Declaration of Katharyn Grant ("Grant Decl.").  Neither Mr. Broussard or anyone else with the Board was disclosed as an expert witness by any party pursuant to Fed. R. Civ. P. 26(a)(2).  Grant Decl. Ex. 2.  For purposes of this suit, the Attorney General does not represent the Louisiana Board of Pharmacy.  Declaration of Susan Crawford at ¶ 4 ("Crawford Decl.").

Acella at various times has implied or argued that the Attorney General offered Mr. Broussard for a deposition and then "reneged" on an agreement to produce him.  *See, e.g.*, Doc. 251 at 10.  Acella willfully misrepresents the facts.  *See* Crawford Decl. at ¶ 9.  The Attorney General never offered Mr. Broussard for a deposition.  *Id.*  Rather, as a courtesy to Acella, it agreed to contact the Board's own attorney, Mr. Carlos Finalet, and forwarded Acella's request for a deposition.  *See* Crawford Decl. at ¶¶ 6-9.  Mr. Broussard has no relevant information and he is not interested in being deposed.  *Id.* at ¶ 10; *see also* Broussard Decl. at ¶ 5.

Moreover, even if it had properly noticed and served a Rule 30(b)(6) Notice and a Rule 45 subpoena on the Board, Acella does not get to pick the Board's Rule 30(b)(6) representative to speak on behalf of this independent state agency.  *See* FED. R. CIV. P. 30(b)(6).  It is solely

within the Board's discretion – not Acella's, nor even the Attorney General's – to determine which individual or individuals are best suited to offer testimony.

### B.      Mr. Broussard Is Presumptively Unavailable for a Deposition.

Nor has Acella taken the steps required to secure the deposition of the Executive Director of a Louisiana state agency.  First, Mr. Broussard has never been served with a subpoena.  *See* Crawford Decl. at ¶ 12.  Moreover, the State of Louisiana takes the deposition of agency heads very seriously.   La. Rev. Stat. § 13:3667.3(A)(1) directs that "appointed heads of state departments" such as Mr. Broussard are not subject to compelled appearances absent a hearing:

> A party litigant in a civil case or in a criminal misdemeanor case seeking to compel the attendance of a statewide elected official, or the head of any department of the state of Louisiana appointed to the position by the governor, as a witness in a suit that arises out of, or in connection with, the person's exercise of his duties as an official of the state, shall file a written motion with the proper court requesting a hearing on the matter.  The motion shall set forth the facts sought to be proved by the person's testimony, the relevance of those facts to the case, and the basis for the mover's belief that such person has knowledge of those facts.  This Subsection shall not apply to any person who is subpoenaed as a prospective factual witness to an incident resulting in criminal prosecution.

Only where the Court finds "that the motion is well-founded and that denial of the motion may prejudice the case of the mover," La. Rev. Stat. § 13.3667.3(A)(2), is the witness even required to "present evidence or argument in opposition."  *Id.*  "After the hearing, if the court determines that the mover has established that the witness is necessary to the case, it shall issue a subpoena as sought. The court's ruling shall be an appealable order."  *Id.*  Acella made no such application.

Federal Courts agree that only extraordinary circumstances justify the deposing of high-ranking government officials.

> It is a settled rule in this circuit that "exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted."  *In re Office of Inspector General*, 933 F.2d 276, 278 (5th Cir. 1991) (*per curiam*) (citing *EEOC v. K-Mart*, 694 F.2d 1055, 1067-68 (6th Cir. 1982)).  "[T]op executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions."  *Id.* (quoting *Simplex Time*

>*Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)). "High
>ranking government officials have greater duties and time constraints than other
>witnesses." *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) (per curiam).
>"[T]he Supreme Court has indicated that the practice of calling high officials as
>witnesses should be discouraged." *Id.* (citing *United States v. Morgan*, 313 U.S.
>409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941)).

*In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) (reversing lower court and directing that

subpoena directed to FDIC directors be quashed); *see also Bogan v. City of Boston*, 489 F.3d

471, 423 (1st Cir. 2007); *In re United States* (*Holder*), 197 F.3d 310, 313 (8th Cir. 1999); *In re*

*United States* (*Kessler*), 985 F.2d 510, 512 (11th Cir. 1993); *Community Fed. Sav. & Loan Assn.*

*v. Fed. Home Loan Bank Bd.,* 96 F.R.D. 619, 621 (D.C. Cir. 1983) ("routine pre-trial discovery"

does not apply to depositions of government agency board members)*; Kyle Engineering Co. v.*

*Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979).[2]

Mr. Broussard, as the Executive Director of the Louisiana Board of Pharmacy, is in

charge of the daily operations of the Board. *See* Broussard Decl. at ¶ 3. His responsibilities are

prescribed by statute. *See* La. R.S. at 37:1179F. As Mr. Broussard explains:

>As the Executive Director of the Louisiana Board of Pharmacy, I am charged with
>oversight of the daily operations of the Board, and I am responsible for
>supervising and directing the activities of the Board's inspectors and
>investigators. I am also responsible for the Board's compliance with federal and
>state legislative and regulatory mandates. I also direct the research, development,
>and implementation of the state's prescription drug monitoring program. My
>recent accomplishments include directing the implementation of Louisiana's new
>Pharmacy Practice Act and coordinating the drafting process for new regulations
>required under the new act.

Broussard Decl. at ¶ 3.

---

[2] In the landmark case *U.S. v. Morgan*, 313 U.S. 409, 422 (1941), the Supreme Court strongly cautioned
against the taking of depositions of high-ranking government officials. *Id.* The Court's rationale for this
caution included its recognition of the importance of protecting the decision-making process of such
officials; its fear of the effects of nettlesome mind-probing of high-ranking government officials; and its
appreciation of important practical limitations on the time and resource of these officials. As the Eleventh
Circuit paraphrased, "In order to protect officials from the constant distraction of testifying in lawsuits,
courts have required [a showing of] a special need or situation compelling such testimony." *In re United*
*States*, 985 F.2d 510, 512 (11th Cir. 1993).

Like other high-ranking government officials, Mr. Broussard is entitled to the deposition privilege:

- Mayor of Newark. *Buono v. City of Newark*, 249 F.R.D. 469, 471 (D.N.J. 2008)

- Chief of Staff to California Governor. *Coleman v. Schwarzenegger*, 2008 WL 4300437, *4 (E.D. Cal. Sept. 15, 2008)

- Suffolk County Executive. *Toussie v. County of Suffolk*, 2006 WL 1982687, *1 (E.D.N.Y. July 13, 2006)

- Members of Parole Board. *United States v. Merhige,* 487 F.2d 25, 29 (4th Cir. 1974)

- Chair of the Federal Consumer Product Safety Commission. *United States v. Wal-Mart Stores*, 2002 WL 562301, *1 (D. Md. March 29, 2002)

- Director of the United States Information Agency. *Am. Broad. Cos. v. United States Info. Agency*, 599 F. Supp. 765, 769 (D.D.C. 1984).

*See also Sykes v. Brown*, 90 F.R.D. 77, 78 (E.D. Pa. 1981) (head of the Defense Logistics Agency entitled to deposition privilege).

To compel the deposition of the chief executive officer of the Board, Acella must show:

1.   the official's testimony is necessary to obtain relevant information that is not available from another source;

2.   the official has first-hand information that cannot reasonably be obtained from other sources;

3.   the testimony is essential to the case at hand;

4.   the deposition would not significantly interfere with the ability of the official to perform his government duties; and

5.   the evidence sought is not available through less burdensome means or alternative sources.

*United States v. Sensient Colors, Inc.*, 649 F.Supp.2d 309, 320 (D.N.J. 2009); *Ebbert v. Nassau County*, No. 05-cv-5445(FB) (AKT), 2007 WL 674725, at *5 (E.D.N.Y. Mar. 5, 2007). These requirements reflect the need for a high-ranking public official to have "unique personal knowledge" about a case before he or she is burdened with a deposition. *See Bey v. City of New York*, No. 99-cv-3873(LMM) (RLE), 2007 WL 1893723, at *1 (S.D.N.Y. June 28, 2007).

None of these elements is met in this case.  Acella fails to establish that Mr. Broussard's testimony is essential to the case at hand; that the evidence it seeks is not available through less burdensome means or alternative sources; or that Mr. Broussard's deposition would not significantly interfere with his ability to perform his government duties.  As Mr. Broussard explains, pulling him away from his duties, requiring him to prepare for and then participate in a deposition of course would hinder his capability to do his job.  *See* Broussard Decl. at ¶ 6 ("Participating in a deposition in the above-captioned matter would significantly interfere with my ability to perform my governmental duties as Executive Director of the Louisiana Board of Pharmacy.").

Finally and most critically, Acella has not identified what factual, first-hand information it hopes to obtain from Mr. Broussard.  In fact, Mr. Broussard has no relevant, discoverable information.  While Mr. Broussard is a registered pharmacist, he has not practiced as a pharmacist in many years.  *See* Broussard Decl. at ¶ 4 ("I have not worked as a practicing pharmacist since joining the Board in 1999."); *see also* Crawford Decl. at ¶ 10.  Because of his position on the Board, Mr. Broussard is not allowed to serve as a practicing pharmacists.  Crawford Decl. at ¶ 10.  Mr. Broussard has no first-hand or personal, factual knowledge concerning the allegations in this case:

> I understand that Defendants in the above captioned case have asked the Plaintiff Intervenor State of Louisiana for my deposition in the above captioned lawsuit.  I do not have first hand or personal knowledge concerning the allegations made in any of the pleadings filed in the above captioned case.  I do not have first-hand or personal knowledge concerning Pamlab, L.L.C., Brookstone Pharmaceuticals, L.L.C., Arizona Nutritional Supplements, or any of the products that these companies manufacture, market, distribute or sell.

Broussard Decl. at ¶ 5.

Personal involvement in or knowledge of the subject events is a necessary prerequisite for deposing a high-ranking government official.  *See Buono*, 249 F.R.D at 471 n. 2; *see also*

*Toussie*, 2006 WL 1982687, at *1 ("[D]epositions of high ranking government officials should only be permitted if that official has unique personal knowledge that cannot be obtained elsewhere.").  Mr. Broussard has no such information, and Acella's motion must be denied.

**C.    Acella Wants Mr. Broussard to Offer Legal Opinions.**

While Acella failed to provide a list of specific topics for Mr. Broussard's proposed deposition, based on its document requests and its Response in Opposition to the State's Motion for Protective Order [Doc. 230], it appears that Acella seeks a legal tutorial on the Board's interpretation of Louisiana law.  According to Acella itself, "Defendants, at the very least, intend to elicit testimony concerning the allegations of the State's Complaint which reference the Board, its activities and Code of Ethics, the activities of pharmacists relating to generic substitution, and the Louisiana Pharmacy Practice Act."  Doc. 230 at 7.

A bedrock principle of discovery dictates that witnesses testify about facts, and not about law.  As Judge Posner explained:

> Witnesses testify about fact, not law.  When a legal proposition is relevant to the jury's consideration, the proper procedure is for the judge to instruct the jury on the proposition.  *E.g., Bammerlin v. Navistar Int'l Transportation Corp.*, 30 F.3d 898, 900 (7th Cir. 1994); *Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 366 (7th Cir. 1990); *Nieves-Villanueva v. Soto- Rivera,* 133 F.3d 92, 99 (1st Cir. 1997); *Molecular Technology Corp. v. Valentine,* 925 F.2d 910, 919 (6th Cir. 1991).  If the Bureau of Prisons is forbidden by law to confine a prisoner in a control unit for his entire life on the basis of evidence presented at his trial, that is

*United States v. Johnson*, 223 F.3d 665, 671 (7th Cir. 2000); *see also, e.g., Imperial Trading Co. v. Travelers Prop. Cas. Co. of A.*, 654 F. Supp. 518, 522 (E.D. La., 2009) (noting that legal conclusions "are inadmissible in this court").

When this case reaches the jury, Judge Lemmon will instruct the jury as to the law.  *See, e.g., Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("our legal system reserves to the trial judge the role of deciding the law for the benefit of the jury.").  Neither Mr. Broussard nor any

other witness Acella would depose or present can usurp the Court's power.  *E.g., Montgomery v. Aetna Casualty & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (a witness may not testify as to the legal implications of conduct; the Court must be the jury's only source of law).

Acella's proposed deposition of Mr. Broussard falls squarely afoul of this fundamental prohibition on eliciting testimony on legal opinions.  Questions about whether pharmacists can legally substitute one product as "generic" for another under the Louisiana Pharmacy Practice Act, or whether pharmacists break Louisiana law or the Pharmacy Board's Code of Ethics by substituting Neurpath-B or Folast for METANX, expressly seek opinions as to what the law is and what the law means.  Those questions are for Judge Lemmon, not Mr. Broussard.  *See, e.g., Johnson*, 223 F.3d at 671 (testimony of federal prison warden about the policies of the Federal Bureau of Prisons was improper to the extent the policies are codified in statutes or regulations); *Moorestown Township Board of Education v. S.D.* Civ. No. 10-0312, 2010 WL 4062182, at *5 (D.N.J. Oct. 15, 2010) (prohibiting testimony by representatives of the New Jersey Department of Education, Plaintiff's Board of Education, and the Burlington County Educational Services Unit regarding their interpretation of the "regulatory process" in place; whether Plaintiff complied with the New Jersey Department of Education's regulations; and whether these regulations comply with federal law).

### D.     Acella Has Already Taken Fifteen Depositions, Five More Than Allowed.

Rule 30 provides that, absent stipulation of the parties, a party must have leave of the Court to take more than ten depositions.  FED. R. CIV. P. 30(a)(2)(A)(i); *see also Landry v. St. James Parish School Bd,* 2000 WL1741886, at *2 (E.D. La. Nov. 22, 2000) ("the Federal Rules of Civil Procedure recognize a presumptive limit of ten depositions, absent request and leave for more.").  The Attorney General did not and does not stipulate to a breach of this Rule.  *See*

Crawford Decl. at ¶ 11; *see also* Doc. 230-4 at 3.  Acella has taken fifteen fact depositions in this case already, including:

1.     David Kronlage (Feb. 11, 2010)

2.     Marc Fluitt (Feb. 12, 2010)

3.     Dr. Jack Runbinlicht (Feb. 12, 2010)

4.     Red River Pharma (Dale Scotten) (Jun. 22, 2010)

5.     Dale Scotten (Jul. 7, 2010)

6.     Mitchell Herbel (Jul. 7, 2010)

7.     Jean-Pierre Knapp (Jul. 8, 2010)

8.     Harold Koch (Sep. 8, 2010)

9.     Robert Tyburski (Sep. 8, 2010)

10.    Kenny Ladner (Sep. 9, 2010)

11.    Zach Heard (Sep. 10, 2010)

12.    Chet Busby (Sep. 16, 2010)

13.    Tracy Johnson (Sep. 17, 2010)

14.    Eric Wingerter (Oct. 1, 2010)

15.    Re-Deposition of Dale Scotten (Oct. 13, 2010).

Acella never sought leave of Court to take its 16th fact witness deposition, and the Court never granted it such leave.  On this basis, Acella's Motion must be denied.

## II.     Discovery Should Not Be A One-Way Street.

If the Court is inclined to allow additional discovery, it must be a two-way street.  Should the Court grant Acella the opportunity to take an additional deposition, Pamlab and the Attorney General respectfully request that the Court also allow Plaintiffs the opportunity to take the deposition of Acella pursuant to FED. R. CIV. P. 30(b)(6).

Acella itself has never been deposed in this case and, indeed, has objected to, and directed witnesses not to answer, questions it apparently believed should be directed to the organization rather than an individual witness.  *See, e.g.,* Pugh Dep. at 176-180 (instructing Acella's President not to answer questions concerning the distribution of corporate profits) (Grant Decl. Ex. 3).

Pamlab served a Rule 30(b)(6) notice of deposition on Acella on September 21, 2010, more than two weeks before the close of discovery, and a week before Acella first requested the deposition of Mr. Broussard.  *See* Grant Dec. Ex. 4.  Acella simply refused to provide a corporate witness on its behalf, ***invoking the rule against taking more than ten depositions without stipulation or leave of court.***

> Additionally, we note you have already taken more than 10 fact depositions in each case. Given all of the foregoing, we are not persuaded that we should stipulate to the taking of extra depositions in either case.

Sep. 27, 2010 letter from C. Creswell to K. Grant (Grant Decl. Ex. 5).

Setting aside Acella's hypocrisy in relying on a rule it asks this Court to ignore, as a party to this case Acella is subject to discovery and has relevant, factual information concerning the allegations it has made.  Should discovery be reopened, the first party deposed should be Acella itself, through a corporate representative witness.

Moreover, previously undisclosed information regarding the harm Acella and its products have inflicted on patients prescribed METANX now may be available.  In a recent article, the Kansas City Star exposed Acella's strategy of seeking substitutions of its product in place of METANX.  *See* Steve Everly, <u>Neuropathy treatment substitute prompts worries,</u> the Kansas City Star (Nov. 11, 2010), available at <u>http://www.kansascity.com/2010/11/</u>

27/2475946/treatment-substitute-prompts-worries.html) (Grant Decl. Ex. 6).  Acella's conduct

is causing harm to real people:

> Allen Jacobs, a foot doctor in Clayton, Mo., noticed that some of his patients with
> nerve damage were no longer improving.
>
> Their condition, diabetic neuropathy, had been responding to a prescription
> product called Metanx. When Jacobs investigated he was dismayed to find that
> they were no longer taking it. Pharmacists had substituted a much less expensive
> competing product that used a key ingredient from China and was supposed to be
> as good.
>
> But Metanx and the substitute are part of a little-known but growing category
> called prescription medical foods, which exist in a regulatory netherworld
> between prescription pharmaceuticals and over-the-counter vitamins and
> supplements. As a result, the substitute didn't have to be tested to ensure that its
> main ingredients and their effectiveness were equivalent to Metanx.
>
> That left Jacobs' patients – and thousands of others – vulnerable to a condition
> that causes pain and numbness and can lead to amputation.
>
> "It's not a minor issue," said Jacobs, a nationally known speaker on health care
> issues. "The major risk is they're not being treated."
>
> Metanx is dispensed to an estimated 500,000 patients across the country, and
> physicians in Kansas City and elsewhere have been blindsided by the substitute
> product, Neurpath-B.
>
> The substitute, with its Chinese-produced ingredient, is often less effective than
> its counterpart in Metanx and somehow made its way into national databases used
> by pharmacies to dispense equivalents.
>
> The company marketing Neurpath defends the product but also said it was making
> no claims that it was a "bioequivalent" to Metanx.

*Id.* at 1; *see also id.* at 2 ("Akilis Theoharidis, a podiatrist in St. Joseph and the Kansas City area,

prescribes Metanx and prefers his patients use it. He has seen some patients use Neurpath and fail

to improve.)."  If discovery is reopened, Plaintiffs will take the opportunity to pursue these new

avenues of evidence.

        To be clear, Pamlab does not join in Acella's request to reopen discovery; Plaintiffs ask

only that if discovery *is* reopened, it be done so on a fair and equal footing.  Plaintiffs note that

the parties each submitted fully briefed summary judgment motions, and one of Acella's arguments for continuing trial was to allow Judge Lemmon more time to rule on those pending motions. *See* Doc. 251 at 11-12 (Section III). Another of Acella's proffered reasons for seeking a continuance was that it "would permit the parties to the discuss settlement of all claims pending against Acella." Doc. 262 at 12. Allowing Acella now to engage in an unnecessary fishing expedition, by taking the deposition of an individual who was never designated as a witness by any party and has no personal knowledge of any facts relevant to this case, does nothing to resolve this matter. It only undermines Acella's arguments for continuing trial in the first place.

## CONCLUSION

For all of the foregoing reasons, Acella's Motion for Reconsideration and/or to Reopen discovery with Respect to Plaintiff-Intervenor State of Louisiana should be denied.

Dated: Nov. 30, 2010                                  Respectfully submitted,

**By:**   *s/Charles H. Braud, Jr.*\*
Charles H. Braud, Jr.
Assistant Attorney General
Louisiana Bar No. 3409
Isabel Wingerter
Assistant Attorney General
Louisiana Bar No. 20428
**JAMES D. "BUDDY" CALDWELL**
**Attorney General**
1885 N. Third Street, 4th Floor
Baton Rouge, LA 70802
Tel. 225.326.6400

**COUNSEL FOR PLAINTIFF-INTERVENOR**
**THE STATE OF LOUISIANA**

*\*Signed by Kathy Grant with express permission of Charles H. Braud, Jr.*

Dated: Nov. 30, 2010                    Respectfully submitted,

                                        By:   *s/Kathy Grant*
                                              Saul Perloff (TX # 00795128)
                                              Joseph A. Bourbois (TX # 00790342)
                                              Katharyn Grant (TX # 24050683)
                                              Bertina York (TX # 03354500)
                                              **FULBRIGHT & JAWORSKI L.L.P.**
                                              300 Convent Street, Suite 2200
                                              San Antonio, Texas 78205
                                              Telephone: 210.224.5575

                                              Robert L. Rouder (TX # 24037400)
                                              **FULBRIGHT & JAWORSKI L.L.P.**
                                              600 Congress Avenue, Suite 2400
                                              Austin, Texas 78701
                                              Telephone: 512.474.5201

                                              Robert S. Rooth, T.A. (# 11454)
                                              Corinne A. Morrison (#9737)
                                              Stephanie W. Cosse (#31677)
                                              **CHAFFE McCALL, L.L.P.**
                                              2300 Energy Centre
                                              1100 Poydras Street
                                              New Orleans, LA 70163-2300
                                              Telephone: 504.585.7000

                                        **ATTORNEYS FOR PLAINTIFFS**
                                        **PAMLAB, L.L.C. AND**
                                        **METABOLITE LABORATORIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Joint Response in Opposition** was reviewed by and is acceptable to all persons required to sign same.

I hereby certify that on November 30, 2010, I electronically filed a copy of the foregoing **Joint Response in Opposition**, the **Declaration of M. Broussard**, the **Declaration of S. Crawford** and the **Declaration of K. Grant** with the Clerk of the Court for the Eastern District of Louisiana using the CM/ECF system which will send electronic notification of such filing to the following:

| Counsel for Defendant: | By email address at: |
|---|---|
| Celeste Creswell | ccreswell@millermartin.com |
| Christopher Parker | cparker@millermartin.com |
| Zachary Greene | zgreene@millermartin.com |
| Brian Jackson | bjackson@millermartin.com |
| T. Harold Pinkley | hpinkley@millermartin.com |
| Kyle W. Eiselstein | keiselstein@millermartin.com |
| Juan Joseph Lizarraga | jlizarra@millinglaw.com |
| James K. Irvin | jirvin@millinglaw.com |

| Counsel for Plaintiff-Intervenor: | By email address at: |
|---|---|
| Charles H. Braud, Jr. | braudc@ag.state.la.us |
| Isabel Barback Wingerter | wingerteri@ag.state.la.us |

*s/Kathy Grant*
_____
**Kathy Grant**
**ATTORNEYS FOR PLAINTIFFS**