UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAMLAB, L.L.C., ET AL.                                    CIVIL ACTION

VERSUS                                                    NO. 09-7434

BROOKSTONE PHARMACEUTICALS, L.L.C.                        SECTION  "S" (3)
A/K/A ACELLA PHARMACEUTICALS, L.L.C.

ORDER

On December 8, 2010, Defendants' Motion for Reconsideration and/or to Reopen Discovery with Respect to Plaintiff-Intervenor State of Louisiana and Supporting Memorandum [Doc. #262] came on for oral hearing before the undersigned. Present were Saul Perloff on behalf of plaintiffs, Christopher Parker on behalf of defendants and Charles Braud and Susan Crawford on behalf of the State of Louisiana. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the memoranda in support, the opposition, the parties' oral arguments and the case law, the Court rules as follows.

I.      Background and Procedural History

Plaintiffs Pamlab, L.L.C. ("Pamlab") and Metabolite Laboratories, Inc. ("Metabolite") (collectively, "plaintiffs") sued defendant Brookstone Pharmaceuticals, L.L.C. a/k/a Acella Pharmaceuticals, L.L.C. ("Brookstone" or "Acella") for false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and common law unfair

competition and common law misappropriation under Louisiana Revised Statues § 51:1401 *et seq.* Plaintiffs invented Metanx® ("Metanx") to help Americans who suffer from diabetes. Metanx is an orally-administered prescription medical food for the dietary management of endothelial dysfunction in patients with diabetic peripheral neuropathy.

Brookstone distributes Folast® ("Folast"), a competing vitamin supplement that delivers folate to the human body through a chemical mixture identified as Xolafin®. Plaintiffs allege that Brookstone's Folast capitalizes on Metanx's success but is not a generic equivalent. Plaintiffs allege that Brookstone contacted national pharmaceutical databases and informed them that Folast has the same ingredients as Metanx and may be substituted for Metanx. Plaintiffs claim that the formulations for Metanx and Folast are different. Specifically, plaintiffs allege that Brookstone falsely markets Folast as containing the same form of folate in the same amount as Metanx. Plaintiffs allege that Brookstone's advertising materials and promotional claims that Folast and Metanx are the same are literally and/or implicitly false and misleading. This lawsuit followed.

The Louisiana Attorney General's Office ("Louisiana") moved to intervene on March 2, 2010 to protect the interests of the citizens of Louisiana. [Doc. #46]. The District Court held an expedited hearing and granted Louisiana's motion to intervene. [Doc. #50]. Previously, this matter was before the Court in the form of an objection to defendants' notice of deposition to Malcolm Broussard as a representative of the Louisiana Board of Pharmacy ("the Board") and a Motion for Protective Order.[1]  The Court granted the motion, precluding the deposition of Malcolm Broussard, whom defendants' had chosen as Louisiana's Rule 30(b)(6) representative. The Court's order turned on the impending pre-trial conference and trial date being jeopardized. Following this Court's ruling,

---

[1]     Broussard is the Executive Director of the Board.

the District Court continued the pre-trial conference until October 6, 2011 and the trial until October 31, 2011.  [Doc. #281].

## II.    The Parties' Contentions

### A.    Defendants' Motion for Reconsideration

Defendants argue that it is not necessary to formally reopen discovery to take Broussard's deposition.  Defendants argue that Broussard is the most appropriate representative to address pharmacy issues referenced in its own complaint and should be ordered to submit to a deposition pursuant to Federal Rule of Civil Procedure 26(c)(2). Defendants seek fees for having had to file the motion.  Again, defendants ultimately ask the Court to order the deposition of Broussard as a representative of the Louisiana Board of Pharmacy, a non-party.

### B.    Plaintiff-Intervenor State of Louisiana's Opposition

Louisiana argues that defendants have failed to cite any newly-discovered evidence to reconsider, that defendants seek an improper deposition and that Malcolm Broussard is an inappropriate witness. Specifically, Louisiana contends that defendants have not demonstrated that they are entitled to the deposition of a non-party through the head of the government agency. Indeed, defendants allegedly never subpoenaed the Louisiana Board of Pharmacy as they must.

Louisiana further argues that, in addition to not meeting the requirements of Louisiana Revised Statute § 13:3667.3 before seeking to take the deposition of the head of a state agency, defendants are not entitled to depose the representative of the Board of Pharmacy (a non-party), and they have failed to comply with Rule 30(b)(6) in that they have failed to list the topics or areas of inquiry. Louisiana further contends that in truth and in fact the defendants seek *legal opinions* regarding (1) whether pharmacists can legally substitute one product as "generic" for another under

the Louisiana Pharmacy Practice Act and (2) whether substitution of Neurpath-B or Folast for Metanx constitutes a violation of Louisiana law or the Pharmacy Board's Code of Ethics.

Louisiana argues that defendants have already taken 15 depositions in this case and that Broussard's deposition will not advance the disposition of the case.  Additionally, Acella itself has never been deposed and allegedly refuses to sit for a deposition.

Finally, Louisiana argues that if discovery is reopened, it should be granted leave to depose Acella and others regarding new avenues of evidence that have recently come to light and are discussed in its brief addressing Acella's conduct and the harm that it has caused Louisiana citizens. For instance, Louisiana highlights a foot doctor, Allen Jacob, who noticed that his patients with diabetic neuropathy and who responded favorably or improved on Metanx later deteriorated after being given the substitute products that used a key ingredient from China that was supposedly just as good.

## III.   Law and Analysis

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider.  *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985).  However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending on when the motion is filed.  *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).  A motion for reconsideration is analyzed under Rule 59(e) if it is served within 28 days of the court's ruling; otherwise, it is analyzed under Rule 60(b) if it is served after that time.  *Id.*  Here, defendants filed their motion for reconsideration within 28 days of the Court's order, and the motion is thus properly considered under Rule 59(e).

Courts in this district apply Rule 59(e) to motions to reconsider non-dispositive pre-trial rulings. *See Harveston v. Falcon Workover Co., Inc.*, Civ. A. 96-4172, 1998 WL 166209, (E.D. La. Apr. 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e)); *Freeport-McMoran Sulphur, L.L.C. v. Mike Mullen Energy Equip. Res.*, Civ. A. 03-1496, 2004 WL 1488665 (E.D. La. June 30, 2004) (analyzing under Rule 59(e) motion to reconsider court's ruling as to privileged documents).

Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that should be used only sparingly and not to re-litigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion. *See Karim v. Finch Shipping Co.*, 111 F. Supp. 2d 783, 784 (E.D. La. 2000). A court may entertain a motion for reconsideration if the moving party demonstrates (1) newly discovered or previously unavailable evidence, (2) that the motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to prevent manifest injustice, or (4) that the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, Civ. A. 99-1586, 2000 WL 802865, at * 2 (E.D. La. May 26, 2000).

For the following reasons, the Court denies the motion. Defendants have not demonstrated to the Court (1) any newly discovered or previously unavailable evidence, (2) that the motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to prevent manifest injustice, or (4) that the motion is justified by an intervening change in the controlling law. *Id.* Only two dates have changed – the trial and pre-trial conference dates. Discovery has not been reopened, and the District Court's discovery deadline in its Scheduling Order remains. The trial was continued so that the district judge has time to rule on pending motions and so that the parties could

5

schedule a settlement conference with this Court. While the Court is cognizant that the pre-trial conference and the trial are not now until October of this year, this Court must abide by the deadlines set in the District Court's Scheduling Order. The discovery deadline in that Order has passed.

IV.     **Conclusion**

Accordingly, and for the reasons stated above,

**IT IS ORDERED** that Defendants' Motion for Reconsideration and/or to Reopen Discovery with Respect to Plaintiff-Intervenor State of Louisiana and Supporting Memorandum [Doc. #262] is DENIED.

New Orleans, Louisiana, this 6th day of January, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**